UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEOBARDO CARMONA HERNANDEZ, MANUEL HERNANDEZ CARMONA, OMAR BAUTISTA, RICARDO RAMIREZ, REYNALDO BENITEZ, EDGAR FORTIZ and RUTILIO RUIZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ELITE BK, INC. (d/b/a ELITE WILLIAMSBURG), BUCK ANTONY and JUAN BRITOZ,<br><br>Defendants. | Index No.: 1:21-cv-06142-DG-CLP<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

   Elite BK, Inc. (d/b/a Elite Williamsburg), Buck Antony and Juan Britoz (the "Individual Defendants" and collectively, "Defendants"), by their attorneys, McLaughlin & Stern, LLP, hereby answer Plaintiffs' First Amended Complaint (hereinafter "Complaint") as follows:

   1.  ADMIT to the extent that Plaintiffs were employed by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 1 of the Complaint.

   2.  DENY the allegations set forth in Paragraph 2 of the Complaint.

   3.  DENY the allegations set forth in Paragraph 3 of the Complaint.

   4.  DENY the allegations set forth in Paragraph 4 of the Complaint.

   5.  DENY the allegations set forth in Paragraph 5 of the Complaint.

   6.  DENY the allegations set forth in Paragraph 6 of the Complaint.

   7.  DENY the allegations set forth in Paragraph 7 of the Complaint.

   8.  DENY the allegations set forth in Paragraph 8 of the Complaint.

   9.  DENY the allegations set forth in Paragraph 9 of the Complaint.

   10.  DENY the allegations set forth in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent that a response is required, Defendants DENY the allegations.

12. Paragraph 12 of the Complaint purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent that a response is required, Defendants DENY the allegations.

13. Paragraph 13 of the Complaint purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent that a response is required, Defendants DENY the allegations.

14. Paragraph 14 of the Complaint purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent that a response is required, Defendants DENY the allegations.

15. ADMIT the allegations to the extent that they apply to Plaintiff Carmona's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 15 of the Complaint to the extent that they seek to purport that Plaintiff Carmona was employed by the Individual Defendants.

16. ADMIT the allegations to the extent that they apply to Plaintiff Hernandez's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 16 of the Complaint to the extent that they seek to purport that Plaintiff Hernandez was employed by the Individual Defendants.

17. ADMIT the allegations to the extent that they apply to Plaintiff Bautista's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 17 of the Complaint to the extent that they seek to purport that Plaintiff Bautista

was employed by the Individual Defendants.

18. ADMIT the allegations to the extent that they apply to Plaintiff Ramirez's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 18 of the Complaint to the extent that they seek to purport that Plaintiff Ramirez was employed by the Individual Defendants.

19. ADMIT the allegations to the extent that they apply to Plaintiff Benitez's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 19 of the Complaint to the extent that they seek to purport that Plaintiff Benitez was employed by the Individual Defendants.

20. ADMIT the allegations to the extent that they apply to Plaintiff Fortiz's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 20 of the Complaint to the extent that they seek to purport that Plaintiff Fortiz was employed by the Individual Defendants.

21. ADMIT the allegations to the extent that they apply to Plaintiff Ruiz's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 21 of the Complaint to the extent that they seek to purport that Plaintiff Ruiz was employed by the Individual Defendants.

22. DENY the allegations set forth in Paragraph 22 of the Complaint.

23. ADMIT the allegations set forth in Paragraph 23 of the Complaint.

24. DENY the allegations set forth in Paragraph 24 of the Complaint.

25. DENY the allegations set forth in Paragraph 25 of the Complaint.

26. DENY the allegations set forth in Paragraph 26 of the Complaint.

27. DENY the allegations set forth in Paragraph 27 of the Complaint.

28. DENY the allegations set forth in Paragraph 28 of the Complaint.

29. DENY the allegations set forth in Paragraph 29 of the Complaint.

30. DENY the allegations set forth in Paragraph 30 of the Complaint.

31. DENY the allegations set forth in Paragraph 31 of the Complaint.

32. DENY the allegations set forth in Paragraph 32 of the Complaint.

33. DENY the allegations set forth in Paragraph 33 of the Complaint.

34. DENY the allegations set forth in Paragraph 34 of the Complaint.

35. DENY the allegations set forth in Paragraph 35 of the Complaint.

36. DENY the allegations set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent that a response is required, Defendants DENY the allegations.

38. ADMIT the allegations to the extent that they apply to Plaintiff Carmona's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 38 of the Complaint to the extent that they seek to purport that Plaintiff Carmona was employed by the Individual Defendants.

39. DENY the allegations set forth in Paragraph 39 of the Complaint.

40. DENY the allegations set forth in Paragraph 40 of the Complaint.

41. DENY the allegations set forth in Paragraph 41 of the Complaint.

42. DENY the allegations set forth in Paragraph 42 of the Complaint.

43. DENY the allegations set forth in Paragraph 43 of the Complaint.

44. DENY the allegations set forth in Paragraph 44 of the Complaint.

45. DENY the allegations set forth in Paragraph 45 of the Complaint.

46. DENY the allegations set forth in Paragraph 46 of the Complaint.

47. DENY the allegations set forth in Paragraph 47 of the Complaint.

48. DENY the allegations set forth in Paragraph 48 of the Complaint.

49. DENY the allegations set forth in Paragraph 49 of the Complaint.

50. DENY the allegations set forth in Paragraph 50 of the Complaint.

51. DENY the allegations set forth in Paragraph 51 of the Complaint.

52. DENY the allegations set forth in Paragraph 52 of the Complaint.

53. DENY the allegations set forth in Paragraph 53 of the Complaint.

54. ADMIT the allegations to the extent that they apply to Plaintiff Hernandez's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 54 of the Complaint to the extent that they seek to purport that Plaintiff Hernandez was employed by the Individual Defendants.

55. DENY the allegations set forth in Paragraph 55 of the Complaint.

56. DENY the allegations set forth in Paragraph 56 of the Complaint.

57. DENY the allegations set forth in Paragraph 57 of the Complaint.

58. DENY the allegations set forth in Paragraph 58 of the Complaint.

59. DENY the allegations set forth in Paragraph 59 of the Complaint.

60. DENY the allegations set forth in Paragraph 60 of the Complaint.

61. DENY the allegations set forth in Paragraph 61 of the Complaint.

62. DENY the allegations set forth in Paragraph 62 of the Complaint.

63. DENY the allegations set forth in Paragraph 63 of the Complaint.

64. DENY the allegations set forth in Paragraph 64 of the Complaint.

65. DENY the allegations set forth in Paragraph 65 of the Complaint.

66. DENY the allegations set forth in Paragraph 66 of the Complaint.

67. DENY the allegations set forth in Paragraph 67 of the Complaint.

68. DENY the allegations set forth in Paragraph 68 of the Complaint.

69. DENY the allegations set forth in Paragraph 69 of the Complaint.

70. ADMIT the allegations to the extent that they apply to Plaintiff Bautista's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 70 of the Complaint to the extent that they seek to purport that Plaintiff Bautista was employed by the Individual Defendants.

71. DENY the allegations set forth in Paragraph 71 of the Complaint.

72. DENY the allegations set forth in Paragraph 72 of the Complaint.

73. DENY the allegations set forth in Paragraph 73 of the Complaint.

74. DENY the allegations set forth in Paragraph 74 of the Complaint.

75. DENY the allegations set forth in Paragraph 75 of the Complaint.

76. DENY the allegations set forth in Paragraph 76 of the Complaint.

77. DENY the allegations set forth in Paragraph 77 of the Complaint.

78. DENY the allegations set forth in Paragraph 78 of the Complaint.

79. DENY the allegations set forth in Paragraph 79 of the Complaint.

80. DENY the allegations set forth in Paragraph 80 of the Complaint.

81. DENY the allegations set forth in Paragraph 81 of the Complaint.

82. ADMIT the allegations to the extent that they apply to Plaintiff Ramirez's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 82 of the Complaint to the extent that they seek to purport that Plaintiff Ramirez was employed by the Individual Defendants.

83. DENY the allegations set forth in Paragraph 83 of the Complaint.

84. DENY the allegations set forth in Paragraph 84 of the Complaint.

85. DENY the allegations set forth in Paragraph 85 of the Complaint.

86. DENY the allegations set forth in Paragraph 86 of the Complaint.

87. DENY the allegations set forth in Paragraph 87 of the Complaint.

88. DENY the allegations set forth in Paragraph 88 of the Complaint.

89. DENY the allegations set forth in Paragraph 89 of the Complaint.

90. DENY the allegations set forth in Paragraph 90 of the Complaint.

91. DENY the allegations set forth in Paragraph 91 of the Complaint.

92. DENY the allegations set forth in Paragraph 92 of the Complaint.

93. DENY the allegations set forth in Paragraph 93 of the Complaint.

94. DENY the allegations set forth in Paragraph 94 of the Complaint.

95. ADMIT the allegations to the extent that they apply to Plaintiff Benitez's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 95 of the Complaint to the extent that they seek to purport that Plaintiff Benitez was employed by the Individual Defendants.

96. DENY the allegations set forth in Paragraph 96 of the Complaint.

97. DENY the allegations set forth in Paragraph 97 of the Complaint.

98. DENY the allegations set forth in Paragraph 98 of the Complaint.

99. DENY the allegations set forth in Paragraph 99 of the Complaint.

100. DENY the allegations set forth in Paragraph 100 of the Complaint.

101. DENY the allegations set forth in Paragraph 101 of the Complaint.

102. DENY the allegations set forth in Paragraph 102 of the Complaint.

103. DENY the allegations set forth in Paragraph 103 of the Complaint.

104. DENY the allegations set forth in Paragraph 104 of the Complaint.

105. DENY the allegations set forth in Paragraph 105 of the Complaint.

106. DENY the allegations set forth in Paragraph 106 of the Complaint.

107. DENY the allegations set forth in Paragraph 107 of the Complaint.

108. DENY the allegations set forth in Paragraph 108 of the Complaint.

109. DENY the allegations set forth in Paragraph 109 of the Complaint.

110. DENY the allegations set forth in Paragraph 110 of the Complaint.

111. DENY the allegations set forth in Paragraph 111 of the Complaint.

112. DENY the allegations set forth in Paragraph 112 of the Complaint.

113. ADMIT the allegations to the extent that they apply to Plaintiff Fortiz's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 113 of the Complaint to the extent that they seek to purport that Plaintiff Fortiz was employed by the Individual Defendants.

114. DENY the allegations set forth in Paragraph 114 of the Complaint.

115. DENY the allegations set forth in Paragraph 115 of the Complaint.

116. DENY the allegations set forth in Paragraph 116 of the Complaint.

117. DENY the allegations set forth in Paragraph 117 of the Complaint.

118. DENY the allegations set forth in Paragraph 118 of the Complaint.

119. DENY the allegations set forth in Paragraph 119 of the Complaint.

120. DENY the allegations set forth in Paragraph 120 of the Complaint.

121. DENY the allegations set forth in Paragraph 121 of the Complaint.

122. DENY the allegations set forth in Paragraph 122 of the Complaint.

123. DENY the allegations set forth in Paragraph 123 of the Complaint.

124. DENY the allegations set forth in Paragraph 124 of the Complaint.

125. ADMIT the allegations to the extent that they apply to Plaintiff Ruiz's employment by Elite BK, Inc. (d/b/a Elite Williamsburg), but DENY the remaining allegations set forth in Paragraph 125 of the Complaint to the extent that they seek to purport that Plaintiff Ruiz was employed by the Individual Defendants.

126. DENY the allegations set forth in Paragraph 126 of the Complaint.

127. DENY the allegations set forth in Paragraph 127 of the Complaint.

128. DENY the allegations set forth in Paragraph 128 of the Complaint.

129. DENY the allegations set forth in Paragraph 129 of the Complaint.

130. DENY the allegations set forth in Paragraph 130 of the Complaint.

131. DENY the allegations set forth in Paragraph 131 of the Complaint.

132. DENY the allegations set forth in Paragraph 132 of the Complaint.

133. DENY the allegations set forth in Paragraph 133 of the Complaint.

134. DENY the allegations set forth in Paragraph 134 of the Complaint.

135. DENY the allegations set forth in Paragraph 135 of the Complaint.

136. DENY the allegations set forth in Paragraph 136 of the Complaint.

137. DENY the allegations set forth in Paragraph 137 of the Complaint.

138. DENY the allegations set forth in Paragraph 138 of the Complaint.

[Defendants note that the numbering in Plaintiffs' Amended Complaint inexplicably jumps from paragraph 138 to paragraph 174 and as such, Defendants' Answer will maintain said numbering for the sake of consistency and ease of reference.]

174. DENY the allegations set forth in Paragraph 174 of the Complaint.

175. DENY the allegations set forth in Paragraph 175 of the Complaint.

176. DENY the allegations set forth in Paragraph 176 of the Complaint.

177. DENY the allegations set forth in Paragraph 177 of the Complaint.

178. DENY the allegations set forth in Paragraph 178 of the Complaint.

179. DENY the allegations set forth in Paragraph 179 of the Complaint.

180. DENY the allegations set forth in Paragraph 180 of the Complaint.

181. DENY the allegations set forth in Paragraph 181 of the Complaint.

182. DENY the allegations set forth in Paragraph 182 of the Complaint.

183. DENY the allegations set forth in Paragraph 183 of the Complaint.

184. DENY the allegations set forth in Paragraph 184 of the Complaint.

185. DENY the allegations set forth in Paragraph 185 of the Complaint.

186. DENY the allegations set forth in Paragraph 186 of the Complaint.

187. Paragraph 187 of the Complaint purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent that a response is required, Defendants DENY the allegations.

188. DENY the allegations set forth in Paragraph 188 of the Complaint.

189. DENY the allegations set forth in Paragraph 189 of the Complaint.

190. DENY the allegations set forth in Paragraph 190 of the Complaint.

191. DENY the allegations set forth in Paragraph 191 of the Complaint.

192. In as much as Paragraph 192 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 191, Defendants replead and incorporate by reference their answers to Paragraphs 1 through 191 of the Complaint as though fully set forth herein, and note that Paragraph 192 contains no allegations to which a responsive pleading is

required.

193. DENY the allegations set forth in Paragraph 193 of the Complaint.

194. DENY the allegations set forth in Paragraph 194 of the Complaint.

195. DENY the allegations set forth in Paragraph 195 of the Complaint.

196. DENY the allegations set forth in Paragraph 196 of the Complaint.

197. DENY the allegations set forth in Paragraph 197 of the Complaint.

198. DENY the allegations set forth in Paragraph 198 of the Complaint.

199. In as much as Paragraph 199 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 198, Defendants replead and incorporate by reference their answers to Paragraphs 1 through 198 of the Complaint as though fully set forth herein, and note that Paragraph 199 contains no allegations to which a responsive pleading is required.

200. DENY the allegations set forth in Paragraph 200 of the Complaint.

201. DENY the allegations set forth in Paragraph 201 of the Complaint.

202. DENY the allegations set forth in Paragraph 202 of the Complaint.

203. In as much as Paragraph 203 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 202, Defendants replead and incorporate by reference their answers to Paragraphs 1 through 202 of the Complaint as though fully set forth herein, and note that Paragraph 203 contains no allegations to which a responsive pleading is required.

204. DENY the allegations set forth in Paragraph 204 of the Complaint.

205. DENY the allegations set forth in Paragraph 205 of the Complaint.

206. DENY the allegations set forth in Paragraph 206 of the Complaint.

207. DENY the allegations set forth in Paragraph 207 of the Complaint.

208. In as much as Paragraph 208 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 207, Defendants replead and incorporate by reference their answers to Paragraphs 1 through 207 of the Complaint as though fully set forth herein, and note that Paragraph 208 contains no allegations to which a responsive pleading is required.

209. DENY the allegations set forth in Paragraph 209 of the Complaint.

210. DENY the allegations set forth in Paragraph 210 of the Complaint.

211. DENY the allegations set forth in Paragraph 211 of the Complaint.

[Defendants note that the numbering in Plaintiffs' Amended Complaint inexplicably jumps from paragraph 211 to paragraph 215 and as such, Defendants' Answer will maintain said numbering for the sake of consistency and ease of reference.]

215. In as much as Paragraph 215 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 211, Defendants replead and incorporate by reference their answers to Paragraphs 1 through 211 of the Complaint as though fully set forth herein, and note that Paragraph 215 contains no allegations to which a responsive pleading is required.

216. DENY the allegations set forth in Paragraph 216 of the Complaint.

217. DENY the allegations set forth in Paragraph 217 of the Complaint.

218. DENY the allegations set forth in Paragraph 218 of the Complaint.

219. In as much as Paragraph 219 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 218, Defendants replead and incorporate by reference their answers to Paragraphs 1 through 218 of the Complaint as though fully set forth

herein, and note that Paragraph 219 contains no allegations to which a responsive pleading is required.

    220.     DENY the allegations set forth in Paragraph 220 of the Complaint.

    221.     DENY the allegations set forth in Paragraph 221 of the Complaint.

    222.     In as much as Paragraph 222 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 221, Defendants replead and incorporate by reference their answers to Paragraphs 1 through 221 of the Complaint as though fully set forth herein, and note that Paragraph 222 contains no allegations to which a responsive pleading is required.

    223.     DENY the allegations set forth in Paragraph 223 of the Complaint.

    224.     DENY the allegations set forth in Paragraph 224 of the Complaint.

    225.     In as much as Paragraph 225 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 224, Defendants replead and incorporate by reference their answers to Paragraphs 1 through 224 of the Complaint as though fully set forth herein, and note that Paragraph 225 contains no allegations to which a responsive pleading is required.

    226.     DENY the allegations set forth in Paragraph 226 of the Complaint.

    227.     DENY the allegations set forth in Paragraph 227 of the Complaint.

[Defendants note that the numbering in Plaintiffs' Amended Complaint inexplicably jumps from paragraph 227 to paragraph 234 and as such, Defendants' Answer will maintain said numbering for the sake of consistency and ease of reference.]

    234.     In as much as Paragraph 234 of the Complaint purports to repeat and reallege by reference the allegations set forth in Paragraphs 1 through 227, Defendants replead and incorporate

by reference their answers to Paragraphs 1 through 227 of the Complaint as though fully set forth herein, and note that Paragraph 234 contains no allegations to which a responsive pleading is required.

235.   DENY the allegations set forth in Paragraph 235 of the Complaint.

236.   DENY the allegations set forth in Paragraph 236 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against any defendant.

### SECOND DEFENSE

Defendants had and have no intention to violate any provision of the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations. Therefore, Defendants did not and are not willfully violating the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations.

### THIRD DEFENSE

The Plaintiffs and the purported class members were exempt for all or part of their respective employment from the overtime and/or minimum wage pay requirements of the Fair Labor Standards Act, the New York Labor Law, and any other New York labor regulations.

### FOURTH DEFENSE

Defendants have acted in a good faith belief that they are and were complying with all applicable provisions of the Fair Labor Standards Act, the New York Labor Law, and any other New York labor regulations.

## FIFTH DEFENSE

Plaintiffs' claims and those of the purported class members are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

Plaintiffs lack standing to sue on behalf of the purported class members of the class action.

## SEVENTH DEFENSE

The allegations in the Complaint do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

The Individual Defendants are not an employer within the meaning of the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations, and thus, are not personally liable for any wages purported owed to the Plaintiffs and/or purported class members.

## NINTH DEFENSE

To the extent that the Plaintiffs' claims or those of the purported class members, under New York law accrued outside of New York State and are pursued by a nonresident of New York, the provision of CPLR § 202 would govern and the shorter limitations period would be applicable to any such claim.

## TENTH DEFENSE

To the extent that Plaintiffs or any purported class member performed work for which they were not compensated, Defendants had no knowledge of such work

## ELEVENTH DEFENSE

To the extent that Plaintiffs or any purported class member performed work for which they were not compensated, such work was *de minimis*.

## TWELFTH DEFENSE

To the extent that Plaintiffs or any purported class member performed work for which they were not compensated, such work is noncompensable preliminary and/or postliminary work under the Fair Labor Standards Act or applicable state law.

## THIRTEENTH DEFENSE

The Complaint seeks payment for hours, in whole or in part, that are not compensable "work time" within the meaning of the Fair Labor Standards Act or applicable state law.

## FOURTEENTH DEFENSE

To the extent that Plaintiffs or any purported class member is entitled to damages under the Fair Labor Standards Act, the Defendants are entitled to certain credits and/or offsets against such damages as authorized by the Fair Labor Standards Act and applicable state law.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE**, Defendants deny that Plaintiffs are entitled to judgment or other relief of any kind and pray for judgment as follows:

1.     That the Court enter a judgment dismissing Plaintiffs' Complaint in its entirety and with prejudice;

2. That judgment be entered in favor of Defendants and against Plaintiffs, awarding Defendants their costs, disbursements, and reasonable attorneys' fees and expenses incurred in connection with this action; and

3. That Defendants be awarded such other and further relief as the Court may deem proper.

Dated: New York, New York
      March 1, 2022

McLAUGHLIN & STERN, LLP

By: _____
Brett R. Gallaway
260 Madison Ave.
New York, NY 10016
(212) 448-1100

*Attorneys for Defendants*