# CSM Legal, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

September 29, 2022

**BY ECF**

Honorable Cheryl Pollak
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　　　　Carmona Hernandez et al v. Elite BK Inc. Et al;
　　　　　　　　21-cv-6142

Your Honor:

　　This office represents the Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement"), attached hereto as Exhibit A[1], and dismiss the case with prejudice.

　　The terms of the Agreement provide that, in exchange for Plaintiffs discontinuing this litigation and executing a release of his wage and hour claims in favor of Defendants, Defendants shall pay the total gross amount of one hundred thousand dollars ($100,000.00) (the "Settlement Amount"), as described in the Agreement. The Agreement was reached in the course of a mediation with mediator Phillip Goldstein.

## Background

　　Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

　　Plaintiffs are former workers for Defendants' Brooklyn restaurant and nightclub, operating under the name "Elite Williamsburg." The group comprises both front and back of the house workers. None of the workers were paid for overtime, none received statutory wage notices and statements, and none were compensated for spread of hours when their shifts began and ended more than ten hours apart. Defendants improperly paid their tipped employees below

---

[1] This Settlement is modified from the document filed on Docket no. 25-1 by the appended stipulation.

the statutory minimum while failing to take the necessary steps to take a tip credit. Plaintiffs further aver that they were not paid the applicable overtime rates, and that Defendants did not adhere to New York notice and recordkeeping requirements.

1. **Settlement Terms**

Were they to prevail on every issue of fact, Plaintiffs estimate that they would together be entitled to $151,228.59 in back wages and $456,831.21 were they to fully prevail on their claims. The Plaintiffs' portion of the claims is distributed among them on the basis of the amount of money they would have been entitled to, taking into account their tenure at the restaurant, the amount they were paid, the number of hours they worked and other relevant factors. They were each assigned a percentage based on this number divided by the total damages. The amount they will receive from the settlement is based on this percentage multiplied by the total amount of the Plaintiffs' portion of the settlement.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Due to the many risks associated with litigating this matter, Plaintiffs are satisfied that the Agreement represents a fair compromise. Given that this litigation has been pending for approximately five years at this point, the Plaintiffs have elected to settle for this amount at this juncture rather than wait longer for an uncertain result that they may be unable to collect.

Considering the foregoing risks in this case, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

2. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $30,000.00 from the settlement fund as attorneys' fees and costs. This represents thirty percent of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $8,224.40. A copy of Plaintiff's billing record is attached as "Exhibit B." The amount provided to Plaintiff's counsel under the settlement is

Page 3

fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiffs have agreed to the fee provided for in the Agreement.

A brief biography of each Plaintiff's attorney who performed billed work in this matter is as follows:

i. Clela A. Errington is an associate at CSM Legal, P.C. She is a 2012 graduate of New York University School of Law. She began her career at Eisner & Mirer, P.C. (now Eisner, Dictor & LaMadrid), specializing in labor law, followed by several years providing litigation support to large law firms including Cravath Swaine & Moore, LLP. She returned to active litigation practice in 2019, joining the Jones Law Firm, P.C., specializing in workers' and debtors' rights, followed by Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021, practicing exclusively plaintiff-side wage and hour law. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                        Respectfully submitted,

                                        /s/_____
                                        Clela Errington
                                        CSM Legal, P.C.
                                        Attorneys for the Plaintiff

Enclosures